IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William E. "Buster" Fisher, et al.,

    Plaintiffs,

    v.

Sheriff Tom E. Harden, et al.,

    Defendants.

Case No. 2:00-cv-01377

JUDGE GRAHAM

## Opinion and Order

I. **Procedural History**

On April 11, 2006, Plaintiff William E. "Buster" Fisher filed a motion for judgment based upon the law of the case requesting that this Court enter judgment in his favor on his Fourth Amendment claim of arrest without probable cause under 42 U.S.C. § 1983, "consistent with the decision of the Sixth Circuit." (Pl.'s Mot. for J. 1.) Plaintiff alleged Defendants Molly Welch (formerly Molly Alexander)[1] and Stephen Alexander, both deputies in the Morrow County, Ohio, Sheriff's Office, violated his Fourth and Fourteenth Amendment rights in seizing him without probable cause and using excessive force on him during an encounter on July 10, 2000.[2]

---

[1] At the time of the incident giving rise to this case, Stephen and Molly Alexander were married to each other.

[2] The only remaining claim pending before this Court is Mr. Fisher's §1983 claim against Defendants Stephen Alexander and Molly Welch.

In his complaint, Plaintiff asserted a claim for failure to provide prompt medical care. This claim, however, was dismissed by stipulation on July 1, 2002.

Plaintiff also asserted the same §1983 claim against Defendant

On May 9, 2002, Defendants filed a motion for summary judgment on Plaintiff's §1983 claim. Plaintiff filed a cross-motion for summary judgment in conjunction with his memorandum in opposition to Defendants' motion for summary judgment.

In ruling on the motions, this Court first found that Defendants were justified in investigating whether Plaintiff presented a risk of harm to himself or others, and accordingly Defendants' stop of Plaintiff was not prohibited by the Fourth Amendment under the reasonable suspicion standard promulgated by the United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1 (1968). This Court further determined that the circumstances of

---

Deputy Sheriff Mark Leary. This Court entered judgment in favor of Deputy Leary upon Defendants' joint motion for summary judgment, finding that Plaintiff had not shown that Leary violated Plaintiff's constitutional rights. The Sixth Circuit agreed with this finding and upheld this Court's grant of summary judgment in his favor. *Fisher v. Harden*, 398 F.3d 837, 845 (2005).
    Additionally, Plaintiff plead state law claims of false arrest, false imprisonment, assault, and battery. His wife, Plaintiff Doris Fisher, plead a claim of negligent infliction of emotional distress. This Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismissed them without prejudice as part of its Opinion and Order granting summary judgment in favor of Defendants on Plaintiff's §1983 claim. The Sixth Circuit did not consider any of these state law claims in deciding the appeal of this Court's decision granting Defendants' motion for summary judgement and denying his cross motion for summary judgment. *Fisher*, 398 F.3d at 839 n.1.
    Plaintiff also sought damages for Defendant Morrow County Sheriff Tom Harden's alleged failure to adequately train, supervise and discipline the deputies. This Court granted summary judgment in Defendant's favor on that claim as well. Although Fisher appealed that decision, the Sixth Circuit affirmed this Court's ruling on summary judgment and, as such, that claim is no longer pending. *Fisher*, 398 F.3d. at 849.
    The claims against Defendants Harden and Leary, and Plaintiffs' state law claims are thus not the subject of Plaintiff's pending motion for judgment based upon the law of the case and motions in limine.

Defendants' investigation of Plaintiff were insufficient to convert the stop into an arrest. This Court also concluded that Defendants did not use excessive force during their encounter with Plaintiff. From these findings, this Court held that Defendants' actions did not violate Plaintiff's constitutional rights. Finally, this Court noted that even if Defendants' conduct did violate Plaintiff's constitutional rights, reasonable officers in Defendants' position would not have been on notice that their conduct was clearly unlawful in light of the law at that time.

Hence, this Court entered judgment in Defendants' favor on Plaintiff's §1983 claim, finding that Defendants were entitled to qualified immunity. This Court accordingly denied Plaintiff's cross-motion for summary judgment. Plaintiff appealed the Opinion and Order and Judgment in favor of Defendants, entered August 6, 2002.

On February 25, 2005, the Sixth Circuit Court of Appeals filed its decision, reversing this Court's grant of summary judgment in favor of Defendants Molly and Stephen Alexander and remanding this case for proceedings consistent with its opinion. *Fisher v. Harden*, 398 F.3d 837, 849 (2005).

## II. **Plaintiff's Pending Motions**

On April 11, 2006, Plaintiff filed a motion for judgment based upon the law of the case. Plaintiff argues that the Sixth Circuit "decided the issues related to liability in this case." (Pl.'s Mot. for J. 1.) Specifically, Plaintiff maintains that the Sixth Circuit "held that this forceful seizure of Mr. Fisher was an arrest, requiring probable cause; and further held that on the uncontested facts of this case, the Defendants were unable to

3

demonstrate that they had probable cause." (Pl.'s Mot. for J. 1.) Plaintiff argues that Defendants have had a full opportunity to develop their version of the facts, as Plaintiff does not remember the encounter and has therefore not given testimony regarding the encounter. (Pl.'s Mot. for J. 3-4.)

Plaintiff notes in his motion, "[i]t is perhaps an unusual circumstance that the Court of Appeals went beyond rulings on legal issues, and made a factual determination that this particular seizure did not pass legal muster. However, that is certainly what the Court decided[.]" (Pl.'s Mot. for J. 7.) As such, Plaintiff requests that this Court enter judgment against Defendants and in Plaintiff's favor on his constitutional tort claim arising under §1983, leaving only the issue of damages to be decided at trial. (Pl.'s Mot. for J. 11.)

Defendants assert that in deciding the appeal, "the Sixth Circuit was required to and expressly stated that the Court had to construe all facts in favor of the plaintiff[.]" (Defs.' Mem. Contra Pl.'s Mot. for J. 3-4.) Defendants further argue that the Sixth Circuit did not consider a recent Supreme Court decision, *Devenpeck v. Alford*, 543 U.S. 146 (2004), in its opinion. (Defs.' Mem. Contra 4-5.) Defendants maintain that the rule established by the Supreme Court in *Devenpeck*, namely that "the offense establishing probable cause for an arrest need not be closely related to or based upon the same conduct as the offense the officer initially identified at the time of the arrest," should apply to this case. (Defs.' Mem. Contra 5.) Defendants argue that they should, accordingly, be permitted to present evidence at trial that they had probable cause to arrest Plaintiff "for a crime based

4

upon the conduct they observed . . . [namely] trespassing." (Defs.' Mem. Contra 5.) Because *Devenpeck* was not addressed during the appeal of this case, Defendants argue it should now be addressed on remand. (Defs.' Mem. Contra 5.)

Incident to the matters Plaintiff believes the Court of Appeals decided in its opinion, Plaintiff has filed seven motions in limine seeking to prohibit various testimony and arguments from Defendants, should the case proceed to trial.

Plaintiff's motions in limine branches one, two, and three seek to prohibit Defendants from arguing the following: 1) that the actions of Defendants toward Plaintiff were not an arrest; 2) that the alleged arrest did not require that Defendants have probable cause; and 3) that the facts of the case constituted probable cause to arrest Plaintiff. (Pl.'s Mots. in Limine Branch One, Two, and Three 1-2.)

Plaintiff's fourth motion in limine seeks to prohibit Defendants from calling Samuel D. Faulkner as an expert witness at trial, as Plaintiff believes Mr. Faulkner will opine that "the actions of the Defendants were not a 'use of force,' and that Mr. Fisher was not 'arrested by the Defendants.'" (Pl.'s Fourth Mot. in Limine 1).

Plaintiff's fifth motion in limine seeks to prevent Defendants from arguing the possibility that Plaintiff might have been trespassing, or committing another criminal offense, during the encounter on July 10, 2000. (Pl.'s Fifth Mot. in Limine 1).

Plaintiff's sixth motion in limine seeks to similarly prohibit Defendants from arguing that Plaintiff "refused to cooperate or comply with their instructions" during the encounter. (Pl.'s Sixth

5

Mot. in Limine 1).

Finally, Plaintiff's seventh motion in limine seeks to exclude potential defense witnesses Game Protector Keith Cooper, CSX Railroad Police Officer Bob Copelin, and CSX Railroad Police Superintendent Steve Tackett, from testifying at trial on the basis that Defendants will elicit their testimony "to argue that this was a trespass case." (Pl.'s Seventh Mot. in Limine 1-2.) Plaintiff also notes that these three witnesses have not been deposed. (Pl.'s Seventh Mot. in Limine 1.)

Each of Plaintiff's motions will be discussed in turn.

### III. **Plaintiff's Motion for Judgment Based Upon the Law of the Case**

The Sixth Circuit opinion does not constitute the law of the case with respect to Plaintiff's entitlement to judgment on his Fourth Amendment claim for arrest without probable cause. As Plaintiff acknowledges, this case was appealed to the Sixth Circuit for review of this Court's grant of summary judgment to Defendants. This Court, however, also denied Plaintiff's cross-motion for summary judgment in the same opinion and order in which it granted Defendants' motion for summary judgment. Plaintiff appealed this opinion and order and judgement to the Sixth Circuit. Notably, the Sixth Circuit did not disturb this Court's ruling denying Plaintiff's cross-motion for summary judgment. Plaintiff now seeks to transform the Sixth Circuit's opinion reversing this Court's grant of summary judgment for Defendants as tantamount to granting summary judgment in favor of Plaintiff. This is untenable.

In deciding Plaintiff's appeal, the Court of Appeals was required to view the evidence in the light most favorable to Plaintiff, and further to draw all reasonable inferences in

Plaintiff's favor. The Court of Appeals explicitly acknowledged this standard of review numerous times throughout its opinion. The Court of Appeals first stated, "[i]n considering such a motion [for summary judgment], the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party." *Fisher*, 398 F.3d at 841, *citing Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In addressing the qualified immunity issue, the Court of Appeals noted, "[i]n the initial inquiry, we must consider 'this threshold question: [t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'." *Id*. at 842, *quoting Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Sixth Circuit further explained, "[v]iewing the facts in the light most favorable to him, we find that Fisher has established a violation of his Fourth Amendment rights," and "[v]iewing the evidence in the light most favorable to Fisher, we must reject the sentiments of the dissent that the deputies were 'merely securing the scene.'" *Id*. at 844, 846. Finally, the Court of Appeals summarized:

> Fisher has alleged facts sufficient to establish a violation of his constitutional rights. It is clearly established that an officer may not affect a mental health seizure without probable cause. Viewing the facts in the light most favorable to Fisher, we conclude that the Alexanders engaged in conduct that violated a clearly established constitutional right. Accordingly, we find that qualified immunity does not shield them from civil liability.

*Id*. at 849.

Contrary to his assertions, Plaintiff is not entitled to any such preferential consideration at this stage of the case. A jury

is not required to view the evidence in the light most favorable to Plaintiff, nor is a jury required to draw all reasonable inferences in Plaintiff's favor.  If the Court were to grant Plaintiff's motion for judgment based on the "law of the case," Defendants would be deprived of their day in court.

While Plaintiff argues that the Court of Appeals had only one set of facts to review in its determination, namely, Defendants' version, this does not change the fact that the Court of Appeals nevertheless viewed "Defendants' facts" in a light most favorable to Plaintiff.  Again, a jury is not so similarly bound; at trial, Plaintiff bears the burden of proving that Defendants violated his constitutional rights.

The most that could be said about the Court of Appeals opinion is that it established the law which will govern this case at trial.  With respect to the facts, however, the Court of Appeals held only that Plaintiff, "has alleged facts sufficient to establish a violation of his constitutional rights."  *Fisher*, 398 F.3d at 849.

Further, this Court finds Defendants' argument that the Supreme Court's decision in *Devenpeck* should apply to this case is well taken.  The Supreme Court in *Devenpeck* stated that "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."  *Devenpeck*, 543 U.S. at 593-594, *citing Whren v. United States*, 517 U.S. 806, 812-813 (1996) and *Arkansas v. Sullivan*, 532 U.S. 769 (2001).  The Court continued, "[t]hat is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."  *Id*. at 594.  The

Court then held that "[t]he rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest is inconsistent with this precedent." *Id*.

It is significant that the Court in the *Devenpeck* case examined facts constituting an arrest under the probable cause standard. This is precisely the legal standard that the Sixth Circuit held should apply to the facts in this case. *Fisher*, 398 F.3d at 842. Because the standard for determining the legality of a warrantless mental health seizure is one of probable cause, the standard is the same as that articulated in *Devenpeck*, even though the precipitating event in *Devenpeck* was a criminal arrest.

The Court of Appeals does not mention the *Devenpeck* decision, and it was apparently not brought to the court's attention by the parties. Defendants have represented to this Court that they were not aware of this decision prior to their raising it on remand; this Court accepts their representation. (Defs.' Mem. Contra Pl.'s Fifth and Sixth Motions in Limine 6.)

This Court therefore concludes that Defendants are entitled to show that they had probable cause to arrest Plaintiff for a criminal offense even though they subjectively believed they were seizing or detaining Plaintiff for purposes related to the assessment of his mental health.

As such, Plaintiff's motion for judgment on Defendants' liability based on the law of the case is denied.

### IV. Plaintiff's Motions in Limine Branches One, Two, and Three

For the above-stated reasons denying Plaintiff's motion for judgment based on the law of the case, this Court also denies

9

branches one, two, and three of Plaintiff's motions in limine seeking to prohibit Defendants from arguing: 1) that their actions toward Plaintiff were not an arrest; 2) that the alleged arrest did not require that they have probable cause; and, 3) that the facts of this case constituted probable cause to arrest Plaintiff.  This Court does not believe that the Court of Appeals has made any factual determinations which are binding on the parties.  Additionally, these motions present issues of law which are more properly the subject of proposed jury instructions.  As noted in the discussion, *supra*, the Court of Appeals has determined the law which this Court will be required to apply to the facts of this case, as the facts are determined at trial.

## V.    **Plaintiff's Fourth Motion in Limine**

Plaintiff's fourth motion in limine seeking to preclude any testimony by Defendants' expert witness Samuel Faulkner is denied on the grounds that the Court of Appeals has acknowledged that it could reject the sentiments of the dissent that Defendants were merely securing the scene because it was required to view "the evidence in the light most favorable to Fisher." *Fisher*, 398 F.3d at 846.  A jury at trial will not be held to this same standard of evaluation.

## VI. **Plaintiff's Fifth Motion in Limine**

With respect to Plaintiff's fifth motion in limine, seeking to prohibit Defendants from arguing that Plaintiff may have been trespassing or committing another criminal offense at the time of his encounter with Defendants, the Supreme Court's decision in *Devenpeck* is clear that it is entirely appropriate for Defendants to be permitted to show they had probable cause to arrest Plaintiff

10

on grounds other than that for which they subjectively believed were grounds for seizure or detention they actually made, namely to assess Plaintiff's mental health. Plaintiff's fifth motion in limine is accordingly denied.

**VII. <u>Plaintiff's Sixth Motion in Limine</u>**

Plaintiff's sixth motion in limine requests that this Court prohibit Defendants from arguing that Plaintiff refused to cooperate or comply with their instructions. Plaintiff maintains that the Sixth Circuit "explicitly rejected" this argument on appeal. (Pl.'s Sixth Mot. in Limine 1.) Again, as stated, *supra*, the Court of Appeals reached its conclusion overturning this Court's grant of summary judgment to Defendants based on the doctrine of qualified immunity only by viewing the facts in the light most favorable to Plaintiff, something the jury is not now required to do. Therefore, Plaintiff's sixth motion in limine is denied.

**VIII. <u>Plaintiff's Seventh Motion in Limine</u>**

Plaintiff seeks to prohibit three potential witnesses for Defendants from testifying at trial: Game Proctor Keith Cooper, CSX Railroad Police Officer Bob Copelin, and CSX Railroad Police Superintendent Steve Tackett. These individuals will presumably present testimony related to trespassing or other criminal offenses for which Defendants' may have had probable cause to arrest Plaintiff on July 10, 2000. Because this Court finds that Defendants' argument that the Supreme Court's ruling in *Devenpeck* should apply to this case availing, Plaintiff's seventh motion in limine is denied. As to Plaintiff's assertion that none of these three witnesses have been deposed, this Court notes that on June

11

15, 2006, it filed an Order reopening discovery for the limited purpose of permitting these three witnesses' depositions to be taken.

With respect to the decision to permit Defendant to call these three witnesses at trial, however, the Court is not expressing any opinion on the admissibility of any particular testimony they may offer.

Finally, with respect to Plaintiff's first through seventh motions in limine, the Court notes that the motions are denied without prejudice to Plaintiff's right to request this Court issue instructions of law on these matters for the jury at trial.

## IX.  Conclusion

For the foregoing reasons, Plaintiff's motion for judgment based upon the law of the case and Plaintiff's first through seventh motions in limine are denied.

It is so ORDERED.

<pre>
                              s/James L. Graham
                              JAMES L. GRAHAM
                              United States District Judge
</pre>

DATE: June 20, 2006